UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANLEY SLOAN,

    Plaintiff,

      v.

MICHAEL J. ASTRUE, Commissioner,
  Social Security Administration,

    Defendant.

Civil Action No. 05-2456
DAR

## MEMORANDUM OPINION AND ORDER

Pending for determination by the undersigned United States Magistrate Judge is

Plaintiff's Motion for Judgment of Reversal (Document No. 7) and Defendant's Motion for

Judgment of Affirmance (Document No. 10).

Upon consideration of the motions, the memoranda in support thereof and in opposition

thereto and the entire record herein, the undersigned will deny Defendant's motion, grant

Plaintiff's motion, and remand this action for further proceedings consistent with this Order.

**BACKGROUND**

Plaintiff, in this action, seeks judicial review of Defendant's final administrative decision

denying his claims for Disability Insurance Benefits and Supplemental Security Income

Sloan v.  Astrue                                                                                          2

Benefits.[1]  Plaintiff moves for a judgment of reversal on the ground that Defendant's decision is

not supported by substantial evidence, and is erroneous as a matter of law.  In support of his

motion, Plaintiff submits that the ALJ "[e]rroneously [r]elied" upon the testimony of the

vocational expert who answered a hypothetical question posed by the ALJ which did not include

an accurate and complete assessment of Plaintiff's impairments.  Memorandum in Support of

Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Memorandum") at 3-6; additionally,

Plaintiff submits that the ALJ "[e]rroneously [e]valuated" Plaintiff's subjective complaints.  *Id.*

at 6-8.  Alternatively, Plaintiff moves for an order pursuant to 42 U.S.C. § 405(g) remanding this

case to the Social Security Administration for a new administrative hearing at which the

applicable standard will be applied by the Administrative Law Judge to the consideration of

Plaintiff's subjective complaints, and all relevant evidence will be considered.  *Id.* at 8.

Defendant moves for a judgment of affirmance on the ground that the final administrative

decision is supported by substantial evidence, and that the hypothetical question which the ALJ

asked the vocational expert accurately set forth all of Plaintiff's limitations.  Memorandum in

Support of Defendant's Motion for Judgment of Affirmance and in Opposition to Plaintiff's

Motion for Judgment of Reversal ("Defendant's Memorandum") at 7-10.  As a further ground of

his motion, Defendant submits that "[t]he ALJ [c]orrectly [a]ssessed the [c]redibility of

Plaintiff's [s]ubjective [c]omplaints[,]" (*see* Defendant's Memorandum at 10); however,

Defendant acknowledges that "the [ALJ] [failed] to articulate the sentence that forms the first

---

[1]  The circumstances which occasioned the filing of the applications for benefits are not disputed: Plaintiff, a man with a high school education who was 50 years old at the time this action was commenced, whose work history included operating a truck for a sanitation company, suffered a severe "crush" injury to his left (non-dominant) hand in a work-related accident in October, 2002.  Thereafter, he underwent six surgeries, including one in which his left thumb and index finger were amputated. The physician who evaluated Plaintiff's claim on behalf of Defendant described Plaintiff's left hand as "useless[.]" Administrative Record ("AR") (Document No. 3) at 13, 47-49, 58, 144, 149-150, 157-161, 174.

Sloan v. Astrue                                                                                            3

step of the credibility analysis[.]" *Id.* at 11.

Plaintiff, in his opposition to Defendant's motion and reply to Defendant's opposition,

reiterates his contention that the ALJ, in his hypothetical question to the vocational expert, failed

to accurately describe Plaintiff's physical impairments.  Plaintiff's Response to Defendant's

Motion for Judgment of Affirmance ("Plaintiff's Reply") (Document No. 12) at 1-2.  Plaintiff

again submits that as a consequence, "the Commissioner has failed to meet her burden at step

five of the sequential evaluation process, and the final administrative decision of the

Commissioner must be reversed." *Id.* at 3.

Defendant did not file a reply to Plaintiff's opposition.


**DISCUSSION**

*Qualifying for Benefits*

A claimant seeking to qualify for and receive disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act must establish

that he or she is disabled within the meaning of the Act. 42 U.S.C. § 423(a)(1)(D).  A claimant

has a disability within the meaning of the Act when the claimant is unable "to engage in any

substantial or gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).  With certain

exceptions, however, a claimant will qualify "only if his . . . impairments are of such severity that

he is not only unable to do his previous work but cannot, considering his age, education and work

experience, engage in any other kind of substantial gainful work which exists in the national

Sloan v.  Astrue                                                                                            4

economy[.] "  42 U.S.C. § 423(d)(2)(A).


*Evaluation Process*

The Commissioner of the Social Security Administration follows a five-step sequential

evaluation process to determine the claimant's eligibility. The sequential process includes a

consideration of (1) whether the claimant is working; (2) the severity of the claimant's

impairment(s); (3) whether the impairment(s) meets (meet) or equals (equal) the requirements of a

listed impairment at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the Listings); (4) the claimant's

"residual functional capacity" and past relevant work, to determine whether the claimant can

return to his past relevant work; and if not, (5) whether the claimant can perform any other work

that exists in the national economy.  20 C.F.R. §§ 404.1520, 416.920.

The claimant bears the burden of proof with respect to the initial four steps of this

evaluation process, but the burden shifts to the Secretary (Commissioner) at the fifth and final

step.  *E.g., Brown v. Bowen,* 794 F.2d 703, 705-06.  (D.C. Cir. 1986).  Thus, if the claimant has

demonstrated at step four his or her inability to perform past relevant work, "the SSA bears the

burden of showing that jobs the claimant could perform exist."  *E.g., Brown v. Barnhart*, 408 F.

Supp. 2d 28, 32 (D.D.C. 2006) (citation omitted).


*Vocational Expert Testimony*

To demonstrate that a claimant is capable of performing gainful work, the agency may rely

upon the testimony of a vocational expert.  *See Brown*, 408 F. Supp. 2d at 32 (D.D.C. 2006).

However, '[i]n this circuit, '[i]f the ALJ looks to a vocational expert in assessing a claimant's

Sloan v.  Astrue                                                                                                                      5

ability to do other work, the ALJ must accurately describe the claimant's physical impairments in

any question posed to the expert.'"  *Butler v. Barnhart*, 353 F.3d  992, 1005 (D.C. Cir. 2004)

(internal quotations omitted)); *See Stackhouse v. Barnhart*, 435 F. Supp. 2d 28, 35 (D.D.C. 2006).

This circuit has further held "that 'serious deficiencies' in the ALJ's hypotheticals 'undermine the

foundation for the expert's ultimate conclusion that there are alternative jobs appellant can do.'"

*Williams v. Shalala*, 997 F.2d 1494, 1499 (D.C. Cir. 1993)(quoting *Simms v. Sullivan*, 877 F.2d

1047, 1053 (D.C. Cir. 1989)); *see Stackhouse*, 435 F. Supp. 2d at 35.


*Standard of Review*

When reviewing a disability claim decision made by the Social Security Administration,

the federal court may not re-weigh the evidence presented to it, nor may it replace the Secretary's

judgment concerning the weight and validity of the evidence with its own.  *Davis v. Heckler*, 566

F. Supp. 1193, 1195 (D.D.C. 1983).  Upon review, the court may not merely act as a

"rubberstamp" to administrative decision, *Perli v. Schewieker*, 543 F. Supp. 394, 395 (S.D.N.Y.

1982), and must scrutinize the entire record in order to determine whether the Commissioner's

decision is supported by substantial evidence as provided in 42 U.S.C. § 405(g). The reviewing

court gives considerable deference to the decision rendered by the ALJ, but remains obligated to

ensure that any decision rests upon substantial evidence. Accordingly, the court must determine

whether the ALJ has analyzed all evidence and has sufficiently explained the weight he has given

to obviously probative evidence.  The broad purposes of the Social Security Act require a liberal

construction in favor of disability.  *See, e.g.*, *Taylor v. Heckler*, 595 F. Supp. 489, 493 (D.D.C.

1984).

Sloan v. Astrue                                                                                        6

The undersigned finds that the ALJ erroneously relied upon the testimony of the

vocational expert.  An ALJ erroneously relies on the testimony of a vocational expert when he

fails to accurately describe the claimant's physical impairments in any question posed to the

expert.  *Butler*, 353 F.3d at 1000, 1005-1006; *Simms*, 877 F.2d at 1050 (D.C. Cir. 1989) ("Should

an ALJ look to the opinion of a VE in determining the claimant's ability to perform other work

than he had done before, the ALJ must accurately describe the claimant's physical impairments in

any question posed to the expert.").

The District of Columbia Circuit has expressed a desire to mirror the requirements

imposed universally by the courts with respect to the quality of the hypothetical questions posed

to a vocational expert.  *See Lockhard v. Apfel*, 175 F. Supp. 2d 28, 33 (D.D.C. 2001).  In

*Lockhard*, the court cited the Sixth, Eighth and the Eleventh Circuits to explain what constituted

an accurate description of the claimant's physical impairments.  *Lockhard*, 175 F. Supp. 2d at 31.

Courts ensure that the hypothetical questions addressed to the vocational expert encompass all

relevant impairments of the claimant.  *Id.* Relevant impairments have included a description of the

extent and duration of disabling physical impairments, a description of the claimant's actual

condition, and a description of his subjective impressions of the condition.  *Id.*  Furthermore, at

minimum, the hypothetical question should comprehensively describe the limitations of a

claimant's ability to function in order for the vocational expert to accurately assess what jobs exist

which the claimant has the capacity to perform.  *Stephens v. Sec. of Health, Educ. & Welfare*, 603

F.2d 36, 41 (8th Cir. 1979).

The undersigned finds that the ALJ's question was fatally defective, and that the ALJ's

reliance on the testimony of the VE was improper.  *See White v. Barnhart*, 451 F. Supp 2d 1, 5

Sloan v. Astrue                                                                                                          7

(D.D.C. 2006).  There is substantial evidence in the record to support an ALJ's reliance on the

testimony of a VE when (1) the ALJ's questions are sufficiently thorough; (2) when the questions

properly include the claimant's subjective claims of pain and the claimant's limitations which are

supported by objective medical evidence in the record; (3) when the vocational expert is present at

the time of the claimant's testimony; and (4)  when the ALJ asks the vocational expert to assume

that full credibility would be given to the claimant's testimony and that the same testimony was

supported by medical evidence.  In this instance, the ALJ's hypothetical questions improperly

(1) used the phrase "helper hand"; and (2) omitted Plaintiff's limitations, which were supported

by objective medical evidence, *i.e.*  Plaintiff's inability to perform various handling and fingering

tasks with his left, non-dominant hand.  *See Williams*, 997 F.2d at 1500.

         The undersigned is mindful that a question will not be deficient merely because it does not

include precise physical conditions whose existence rested solely on a claimant's subjective

complaints.  *See Williams*,  997 F.2d at 1500.  However, in this matter, Plaintiff's conditions did

not rest solely on his subjective complaints; rather, his limitations were contained throughout the

record medical evidence.  Where there exists in the record medically undisputed evidence of

specific impairments not included in a hypothetical question to a vocational expert, an ALJ errs by

relying on it. *Burns v. Barnhart*, 312 F.3d 113, 122 (3rd Cir. 2002).  The undersigned notes that

the record medical evidence, undisputed by either party,  showed the following: Plaintiff had

limited range of motion in his wrist, that his gripping ability was limited, that movement with

gravity was eliminated in the left grip and left manual dexterity categories, that  Plaintiff was

limited in his ability to push with the upper extremities,  that he had a limited ability to perform

gross and fine manipulation, and that he had a limited ability to feel with his left hand. None of

Sloan v. Astrue                                                                                                    8

these specific impairments were mentioned in the ALJ's hypothetical question.  Therefore, the

ALJ erred by omitting Plaintiff's limited ability to perform various handling and fingering tasks.

The undersigned further finds that the matter must be remanded because the court cannot

assume that the vocational expert would have answered in a similar manner had the ALJ asked a

proper hypothetical question.  *See Burns,* 312 F.3d at 141.

The undersigned further finds that the ALJ did not correctly assess Plaintiff's subjective

complaints. There is a two step process for analyzing and weighing an applicant's statements

about pain or other symptoms.  *Butler*, 33 F.3d at 1004.  First, "[m]edical signs and laboratory

findings...must show the existence of a medical impairment(s) . . .  which could reasonably be

expected to produce," 20 C.F.R. §§ 404.1529(b), 416.929(b), "the actual pain, in the amount and

degree, alleged by the claimant." *Butler*, 353 F.3d at 1004 (citing *Craig v. Chater*, 76 F.3d 585,

594 (4th Cir. 1996)).  Defendant contends that Plaintiff did not complain of any pain; however,

Plaintiff complained of a loss of feeling altogether in his left hand and testified that he stopped

seeking medical attention because the doctor's explained that they had done all they could do for

his hand.

The record does not reflect the ALJ's consideration of these subjective complaints.  The

second step of the evaluation process requires the ALJ to assess the persistence and intensity of

the claimant's pain as well as the extent to which it impairs his ability to work.  20 C.F.R. §§

404.1529(c)(1), 416.929(c)(1); *Butler*, 353 F.3d at 1004.  This assessment requires the ALJ to

make a determination as to the credibility of the applicant's subjective claims of pain and its

functional effects.  The court in *Craig*, 76 F.3d at 592, established that the claimant need not show

objective evidence of the pain itself but need only to show by objective evidence the existence of

Sloan v. Astrue                                                                                         9

an underlying impairment that could cause the pain alleged.  Plaintiff has established that his

useless left hand has caused dependence on his right hand.  The physician credited Plaintiff's

complaints of pain in his right hand as being caused by his principal reliance upon his right hand

due to the functional limitations in his left hand.  Plaintiff relies upon *Byrnes v. Shalala*, 60 F.3d

639, 641-642 (9th Cir. 1995), which explained that once a claimant has produced objective

medical evidence of an underlying impairment, an adjudicator may not reject a claimant's

subjective complaints based solely on the lack of objective medical evidence to fully corroborate

the alleged severity of the pain. This court relied upon this principle  in its decision in *Brown v.*

*Barnhart*, 408 F. Supp. 2d 28 (D.C. Cir.  2006). The court in *Brown* determined that a judge

dismisses a claimant's complaints arbitrarily when he discredits a plaintiff's testimony regarding

pain based solely on a lack of objective medical evidence to fully corroborate the severity of the

pain. In the instant case, the judge appears to have discredited Plaintiff's complaints of pain in his

right hand based solely on its absence from  medical reports. The ALJ asked Plaintiff what was

wrong with his right hand and suggested that there was no medical evidence of anything being

wrong with Plaintiff's right hand.  Thus, the ALJ failed to correctly assess Plaintiff's subjective

claims of pain.


**CONCLUSION**

        For all of the foregoing reasons, the motions, the memoranda in support thereof and in

opposition thereto and the entire record herein, it is, this 13th day of March, 2008,

        **ORDERED** that Defendant's Motion for Judgment of Affirmance (Document No. 9) is

**DENIED**; and it is

Sloan v. Astrue                                                                                                    10

   **FURTHER ORDERED** that Plaintiff's Motion for Judgment of Reversal (Document No.

7) is **GRANTED**, and that this matter is hereby remanded to the Commission, pursuant to

Sentence 4 of Section 205(g) of the Social Security Act, 41 U.S.C. § 405(g), for further

administrative proceedings.  This is a final, appealable order.


                       /s/
                       DEBORAH A. ROBINSON
                       United States Magistrate Judge